[910 NYS2d 393]

# In the Matter of FRANK B. CEGELSKI, an Attorney, Respondent.

Fourth Department, November 12, 2010

## APPEARANCES OF COUNSEL

*Daniel A. Drake, Principal Counsel Seventh Judicial District Grievance Committee*, Rochester, for petitioner.

*Gary Muldoon*, Rochester, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on January 10, 1991, and maintains an office for the practice of law in Rochester. The Grievance Committee filed a petition charging respondent with acts of professional misconduct, including settling a client matter without authorization and falsely notarizing a document. Respondent filed an answer denying material allegations of the petition, and a Referee was appointed to conduct a hearing. The Referee has submitted a report, which the Grievance Committee moves to confirm. Respondent cross-moves to remit the matter to the Referee for additional proceedings and, alternatively, he seeks to disaffirm the report of the Referee in part, or to dismiss the petition.

The Referee found that, in December 2006, respondent was retained to represent a client in a personal injury matter and that, from January 2007 through September 2007, respondent failed to submit to an insurance company certain forms that were necessary to secure insurance coverage for his client. The failure to submit the forms resulted in the insurance company's disclaimer of coverage for respondent's client. The Referee further found that, although respondent's client had repeatedly told respondent that she refused to settle her claim for less than $25,000, respondent nevertheless settled the claim for $15,000 in May 2008, and he falsely notarized a settlement document that had previously been signed, in blank, by the client. The Referee also determined that, beginning in July 2008, respondent made misrepresentations to the Grievance Committee regarding his false notarization of the settlement document, and his testimony at the hearing in March 2010 was untruthful with respect to the notarization of the document. Finally, the Referee determined that respondent neglected the employment discrimination claim of another client by failing to take action on the matter during the period from January 2008 through October 2008.

We confirm the findings of fact made by the Referee and conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility and Rules of Professional Conduct:

DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3])—engaging in illegal conduct that adversely reflects on his honesty, trustworthiness or fitness as a lawyer;

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]) and rule 8.4 (c) of the Rules of Professional Conduct (22 NYCRR 1200.0)—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]) and rule 8.4 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0)—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]) and rule 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0)—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 2-110 (b) (2) (22 NYCRR 1200.15 [b] [2])—failing to withdraw from employment when he knows or it is obvious that continued employment will result in violation of a disciplinary rule;

DR 5-101 (a) (22 NYCRR 1200.20 [a])—accepting or continuing employment if the exercise of professional judgment on behalf of the client will be or reasonably may be affected by his own personal interests;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him; and

DR 7-101 (a) (3) (22 NYCRR 1200.32 [a] [3])—intentionally prejudicing or damaging a client during the course of the professional relationship.

We have considered in mitigation the submissions of respondent attesting to his good reputation in the legal community and his outstanding record of pro bono service. Additionally, we have considered his previously unblemished record during his 24 years of practicing law, and his expression of extreme remorse. Accordingly, after consideration of all the factors in this matter, we conclude that respondent should be censured.

SMITH, J.P., CENTRA, FAHEY, SCONIERS and GORSKI, JJ., concur.

Order of censure entered.